## GABRIEL v. STATE TAX COMMISSION

James A. Larpenteur, Jr., Portland, argued the cause for plaintiff. James A. Larpenteur, Jr. and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, submitted briefs for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause for defendant and submitted briefs.

Decision for defendant rendered June 29, 1965.

EDWARD H. HOWELL, Judge.

This case arises out of an income tax assessment for 1956 against the plaintiffs.[1]

Plaintiff William Gabriel, (hereinafter referred to as William) and his brother Chris owned the majority of stock in Gabriel Boiler Company (hereinafter called Boiler). William owned 31.2 percent and Chris owned 40.3 percent. Boiler, prior to 1955, had been engaged in manufacturing boilers, canopy covers for tractors and steel fabrication. William and Chris were also the

---

[1] The case was also litigated in the United States Tax Court and is reported as W. E. Gabriel Fabrication Co. v. Commissioner and William E. and Georgie Gabriel v. Commissioner, 42 TC 545 (June 16, 1964).

principal stockholders in Engineering Supply Company (hereinafter referred to as Engineering), owning 45 percent each. The only business activity of Engineering consisted of renting certain property to Boiler.

Disagreements and ill feeling developed between William and Chris and they decided to terminate their business relationship. It was agreed that William would surrender all of his Boiler stock to Boiler and would receive ownership of all the stock in Engineering. Because William's interest in both corporations was worth more than the value of the Engineering stock, it was agreed that Boiler would transfer certain cash, equipment and tools to Engineering to increase the value of that company.

In May 1956 all of the stock of Engineering was transferred to Boiler and William received 180 shares of Boiler stock for his Engineering stock.

As a result of this exchange, Engineering became a wholly-owned subsidiary of Boiler. *W. E. Gabriel Fabrication Co. v. Commissioner, supra.* (The United States Tax Court and defendant State Tax Commission agree that this was a tax free exchange both under the Internal Revenue Code and the Oregon statutes.)

In December 1956 the assets mentioned were transferred to Engineering and Boiler distributed to William all of the outstanding stock of Engineering. William, in turn, surrendered to Boiler all of the stock he held in that corporation. The separation of the two brothers' interest was intended to and did constitute a tax free "spin off" under Section 355 of the Internal Revenue Code of 1954.

The plaintiffs concede that the December 1956 transaction was taxable in Oregon because of the lack of an Oregon statute comparable to Section 355 of the Internal Revenue Code.

The only issue in this case is whether the gain attributable to the plaintiffs upon receipt of the stock of Engineering in December 1956 is based on 55 percent of the value of the Engineering stock or 100 percent as contended for by the defendant Tax Commission.

William contends that only 55 percent of the gain is taxable in Oregon because he owned 45 percent of the stock in Engineering.

■ The position that William retained a 45 percent interest in Engineering is inconsistent with the agreed facts and the position taken before the United States Tax Court. In that case, plaintiffs argued and the Tax Court agreed that in May 1956, when all of the stock in Engineering was transferred to Boiler, that Engineering became a wholly-owned subsidiary of Boiler. Nothing was said then, or in December 1956 when all of the Engineering stock was transferred to William, that he still retained a 45 percent interest in Engineering.

It is this court's conclusion that William did not have a retained interest in Engineering and that the December 1956 transaction was completely taxable.